## HILDRETH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

MUNICIPAL CORPORATIONS (§ 342*)—PUBLIC WORKS—CONTRACTS—AUTHORITY
OF OFFICERS—COMMISSIONERS OF HIGHWAYS—"FIXING OF SALARY."
   Greater New York Charter (Laws 1897, c. 378), § 455, authorizing the
commissioner of bridges, when thereto authorized by the board of esti-
mate and apportionment and board of aldermen, to employ a consulting
engineer skilled in bridge construction, and Laws 1897, c. 665, providing
for the establishment of a public drive and parkway as an extension of
Riverside Drive, did not authorize the commissioner of highways to con-
tract with an engineer to furnish plans and specifications for the drive
and superintend a part of the work for compensation based upon a per-
centage of the cost, until such plans and specifications were approved by
the board of estimate and apportionment, and such contract was not
the fixing of the salary of a consulting engineer, within section 456.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
867; Dec. Dig. § 342.*]

Appeal from Special Term, New York County.

Action by Percy S. Hildreth against the City of New York. From
a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 112 App. Div. 913, 98 N. Y. Supp. 1104.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, and MILLER, JJ.

William D. Leonard, for appellant.

Theodore Connoly, for respondent.

PER CURIAM.   This case, in principle, cannot be distinguished
from Hildreth v. City of New York, 111 App. Div. 63, 97 N. Y. Supp.
582, affirmed 190 N. Y. 513, 83 N. E. 1126.   It is true that the statute
(section 455 of the Greater New York Charter [Laws 1897, c. 378]
and chapter 665, Laws of 1897) under which the commissioner of
highways sought to appoint the plaintiff consulting engineer is slightly
different from the statute under which the appointment was sought to
be made in the case referred to.   Section 455 of the Greater New York
Charter (chapter 57, Laws of 1896, as amended by chapter 679, Laws
of 1897).   But this difference in no way destroys the effect of that de-
cision.   The fact that the commissioner was empowered and directed
to proceed to construct the drive and parkway did not authorize him
to enter into a contract with the plaintiff to furnish plans and spec-
ifications and take charge of a portion of the work and pay him a
compensation based upon a percentage of the cost.

It may be that the commissioner had power to appoint the plaintiff
as consulting engineer in his department; but, if so, he had no power
to make a contract with him as such consulting engineer to furnish
plans and specifications and contracts for the construction of a work
not authorized.   Such a contract was not fixing the salary of a con-
sulting engineer, within the provisions of section 456 of the Greater
New York charter.   The plans and specifications were never submitted
to or approved by the board of estimate and apportionment.   Until

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that had been done, a legal contract could not be made. If, after the plans and specifications were prepared by the plaintiff, the same had been accepted and approved by the board of estimate and apportionment, and the drive and parkway constructed thereunder, an entirely different question would be presented.

Whether or not the city is liable to the plaintiff for the services rendered by him in preparing the plans and specifications we do not pass upon, because the question is not before us. All that we decide is that the contract upon which the plaintiff predicates his right to a recovery imposes no legal liability upon the city.

The judgment appealed from, therefore, is affirmed, with costs to the respondent.